UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CALLOWAY (#96740)                                                CIVIL ACTION

VERSUS

                                                                 20-562-SDD-RLB

CEDRIC PINKEY, ET AL.

ORDER

The *pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants Cedric Pinkney, William Smith, and Tyler Butler complaining that his constitutional rights were violated due to the excessive use of force and the issuance of a false disciplinary report.

The plaintiff alleges that on April 7, 2020 defendant Pickney fabricated a story that the plaintiff had thrown a liquid substance on him. It is unclear if defendant Pickney issued a disciplinary report. The plaintiff further alleges that, on the same date, defendant Butler issued a false disciplinary report and stated therein that the plaintiff was standing in the middle of his cell with a cup of unknown liquid, refused orders to come to the bars to be restrained, and attempted to throw the liquid on defendant Butler. Defendant Butler sprayed the plaintiff with a chemical agent to gain compliance. In relation to the grievance filed by the plaintiff, he alleges that in conjunction with the First Step, defendant Smith fabricated a story that the plaintiff had attempted to throw a liquid substance on defendant Butler and a minimal amount of chemical agent was used. The plaintiff requests monetary and injunctive relief.

First the issuance of a false disciplinary report, without more, fails to state a claim of federal constitutional dimension cognizable under 42 U.S.C. § 1983. Specifically, the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation. *See Grant v. Thomas*, 37 F.3d 632 (5th Cir.

1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations").

Additionally, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved. *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation").

Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force.  Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974).  It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests.  *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection.  *Sandin,* 515 U.S. at 484.

In the instant matter, the Court is unable to ascertain from the plaintiff's Complaint whether defendant Pickney issued a disciplinary report, and if so whether the plaintiff was found guilty and what sanction was received.  With regards to the disciplinary report issued by defendant Butler, the Court is unable to ascertain whether the plaintiff was found guilty, and if so, what sanction was received.

The foregoing is important to the *Sandin* analysis but also to determine if one or more of the plaintiff's claims may barred by *Heck*.  Under *Heck,* a prisoner's claim for monetary damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487.  In *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) the Court found that the *Heck* rule applies in the context of a prisoner's claim regarding the deprivation of

good time credits lost in connection with a disciplinary proceeding. Following the *Edwards* decision, the Unites States Court of Appeals for the Fifth Circuit has applied the *Heck* rule in cases similar to this one where the plaintiff alleges that excessive force was used during an incident which resulted in the plaintiff receiving a disciplinary conviction. *See Donnelly v. Darby*, 81 F. App'x. 823 (5th Cir. 2003) (excessive force claims barred by *Heck* due to disciplinary conviction resulting from the complained of incident); *Powell v. Maddox*, 81 F. App'x. 476 (5th Cir. 2003) (same); and *Hadnot v. Butler*, 332 F. App'x. 206 (5th Cir. 2009) (same).

With regards to defendant Smith, the Court is unable to ascertain from the plaintiff's Complaint whether defendant Smith issued the First Step response to the plaintiff's grievance or gave a statement in response to the plaintiff's grievance. As such, the Court cannot tell whether the plaintiff is complaining about the grievance process itself or some specific action on the part of defendant Smith.

Accordingly,

**IT IS ORDERED** that the plaintiff shall, within 21 days from the date of this Order, amend his Complaint by:

(1) Stating whether defendant Pickney issued a disciplinary report, and if a report was issued by Pickney (a) whether the plaintiff was found guilty and (b) what, if any, sanction was received;

(2) Stating whether the plaintiff was found guilty in conjunction with the disciplinary report issued by defendant Butler, and if so what, if any, sanction was received; and

(3) stating whether defendant Smith authored a First Step response to the plaintiff's grievance or issued a statement in response to the plaintiff's grievance. Failure to amend as ordered may result in dismissal of the plaintiff's claims without further notice.

Signed in Baton Rouge, Louisiana, on December 4, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**