UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CALLOWAY (#96740)                                      CIVIL ACTION

VERSUS

                                                               20-562-SDD-RLB

CEDRIC PINKEY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 11, 2022.

                                                     RICHARD L. BOURGEOIS, JR.
                                                     UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**MICHAEL CALLOWAY (#96740)**                        **CIVIL ACTION**

**VERSUS**

                                                                              **20-562-SDD-RLB**

**CEDRIC PINKEY, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the Motions to Dismiss filed on behalf of defendants Cedric Pinkney, Tyler Butler, and William Smith (R. Docs. 14 and 27). The Motions are opposed. *See* R. Doc. 28.

The *pro se* Plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), filed this proceeding against the aforementioned defendants complaining that his constitutional rights were violated due to the use of excessive force and false disciplinary proceedings. He seeks monetary and injunctive relief.

Defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of Plaintiff's § 1983 claims against them in their official capacities. In this regard, Defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, any of Plaintiff's § 1983

claims asserted against Defendants in their official capacities for monetary damages are subject to dismissal.

Turning to Plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, Defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that Plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding this, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, as amended, the plaintiff alleges the following: On April 7, 2020, the plaintiff was sprayed with a chemical agent after being falsely accused of throwing a liquid substance. Defendant Butler falsely stated that he witnessed the plaintiff standing in the middle of his cell with a cup of unknown liquid substance. He gave the plaintiff a direct verbal order to come to the bars to be restrained, and the plaintiff then attempted to throw the liquid substance. In response, defendant Butler stated that he dispensed the minimum amount of chemical agent need to gain compliance from the plaintiff.

Defendant Pickney falsely stated that the plaintiff threw a liquid substance on him. However, Capt. Mitchell and Col. Sanders reviewed the video footage and did not see anything being thrown. They also asked defendant Pickney why he was not wet if the plaintiff had thrown a liquid substance on him.

Nevertheless, a disciplinary report was issued, and the plaintiff was found guilty of violating Rule 3 and Rule 5. The plaintiff was sentenced to four days in disciplinary segregation, and four days loss of phone privileges.

At the time, the plaintiff was on mental health watch. Prior to use of the chemical agent, a social worker was not contacted. In response to his grievance, defendant Smith stated that the plaintiff attempted to throw a liquid substance on defendant Butler, and a minimum amount of chemical agent was used to gain compliance. The plaintiff asserts that defendant Smith failed to stop Butler's use of excessive force. The statements of all defendants were fabricated.

In his opposition[1], the plaintiff alleges that his sight and sinuses were affected for days. He was not allowed to decontaminate in the shower after the chemical agent was administered. The plaintiff additionally requests leave to amend.

Defendants assert that they are entitled to qualified immunity in connection with Plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the Motion to Dismiss filed on behalf of defendant Pinkney and Smith should be granted, and that the Motion to Dismiss filed on behalf of defendant Butler should be granted in part. Specifically, the Court concludes that Plaintiff has failed to state a claim with regards to the issuance of a false disciplinary report, failure to intervene in the alleged use of excessive force, and conspiracy.

---

[1] While only allegations that appear of the face of the complaint may normally be considered in determining whether the plaintiff has alleged facts stating a claim upon which relief can be granted, *pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). *Pro se* pleadings must be treated liberally, and dismissal under Rule 12(b)(6) is generally disfavored. *U.S. v. Robinson,* 78 F.3d 172, 174 (5th Cir.1996), *Priester v. Lowndes County,* 354 F.3d 414, 418 (5th Cir.2004). Accordingly, in ruling on Defendants' motions the Court will consider the facts alleged in both the plaintiff's Complaint, as amended, and in his opposition to Defendants' motions to dismiss.

**Disciplinary Proceedings**

With regards to the disciplinary report, a claim regarding the issuance of a false disciplinary report, without more, fails to state a claim of federal constitutional dimension cognizable under 42 U.S.C. § 1983. Specifically, the law is clear that the mere issuance of one or more false disciplinary reports and the imposition of resulting punishment does not alone amount to a constitutional violation. *See Grant v. Thomas*, 37 F.3d 632 (5th Cir. 1994), *citing Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) ("[T]here is no due process violation if a prisoner, who is falsely accused of charges, is given an adequate state procedural remedy to challenge the accusations"). Further, the failure of prison officials to follow prison rules or regulations does not amount to a violation of the plaintiff's constitutional rights. *Jackson v. Cain*, 864 F.3d 1235, 1252 (5th Cir. 1989).

Additionally, an inmate does not have a constitutional right to have his prison disciplinary or administrative proceedings properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

This conclusion is equally applicable in the context of prison disciplinary proceedings. *See, e.g., Sanchez v. Grounds,* 2014 WL 1049164, *2 (E.D. Tex. Mar. 14, 2014) (finding that an

inmate's claim regarding a failure to conduct a "proper investigation" of a disciplinary charge "did not amount to a constitutional deprivation"); and *Jackson v. Mizell,* 2009 WL 1792774, *7 n.11 (E.D. La. June 23, 2009) (noting that "the Court fails to see how a prisoner could ever state a cognizable claim alleging an inadequate disciplinary investigation"). Nor does this Court sit as some form of an appellate court to review errors made by state tribunals that do not affect an inmate's constitutional rights. *See, e.g., Coleman v. Director, TDCJ-CID,* 2009 WL 56947, *2 (E.D. Tex. Jan. 7, 2009) (noting, in the context of an inmate's habeas corpus proceeding arising out of a prison disciplinary proceeding, that "[i]n the course of reviewing state proceedings, a federal court does not sit as a super state appellate court.").

Moreover, in *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court noted that in some rare situations, an inmate may be entitled to procedural Due Process when state action exceeds the sentence in such an unexpected way as to give rise to protection by the Due Process Clause of its own force. Normally, however, the Due Process Clause, itself, does not afford an inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is only those restrictions that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" that will invoke the prospect of state-created liberty interests. *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005).

Thus, while *Sandin* made it clear that punishments that impact upon the duration of confinement, or which exceed the sentence in an unexpected manner, or that impose "atypical and significant hardship[s] ... in relation to the ordinary incidents of prison life" will give rise to the protection afforded by the Due Process Clause, more routine disciplinary action will not invoke this constitutional protection. *Sandin,* 515 U.S. at 484. In the instant case, the plaintiff does not allege that he was sentenced to any punishment which would amount to disciplinary

action that infringes upon a constitutionally protected liberty interest which would invoke the protection of the Due Process Clause of the Fourteenth Amendment. Placement in extended lockdown is generally not sufficiently atypical or such a significant hardship to state a claim of constitutional dimensions. *See Hanna v. Maxwell,* 415 F. App'x. 533, 536–37 (5th Cir. 2011); *Fisher v. Wilson,* 74 F. App'x. 301, 302 (5th Cir. 2003); *Bannister v. Deville,* 211 F.3d 593 (5th Cir. 2000). Nor is loss of phone privileges. *See Celestine v. Shirley*, Civil Action No. 10-1502, 2011 WL 4443252 at *3 (W.D. La. July 17, 2011) (loss of recreation and phone privileges do not amount to an "atypical" hardship). As such, the plaintiff's allegations regarding his disciplinary and administrative remedy proceedings fail to state a claim upon which relief can be granted.

### Excessive Force

With regards to the plaintiff's claim that defendant Butler utilized excessive force, a use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to

escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding this, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

In the instant matter, accepting as true all of the factual allegations contained in the Complaint, as amended, Plaintiff's allegations are sufficient to state a claim upon which relief can be granted against defendant Butler for excessive use of force. Plaintiff alleges that he was sprayed with a chemical agent by defendant Butler without reason. The plaintiff further alleges that all defendants later issued fabricated statements to justify the use of the chemical agent. As such, the defendant Butler's Motion (R. Doc. 27) should be denied in this regard.

Additionally, a defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. *See Whitley v. Hanna,* 726 F.3d 631, 646 (5th Cir.2013) *citing Hale v. Townley,* 45 F.3d 914, 916 (5th Cir.1995). An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995). In this regard, Plaintiff has not alleged that Defendants Pinkney or Smith had a reasonable opportunity to prevent the harm caused by Defendant Butler and chose

not to act. Rather, the plaintiff asserts that the defendants later conspired to cover up the use of excessive for by Butler. As such, the Motion to Dismiss filed on behalf of defendants Pinkney and Smith (R. Doc. 14) should be granted in this regard.

### Conspiracy

"To prove a conspiracy under § 1983, a plaintiff must allege facts that indicate (1) there was an agreement among individuals to commit a deprivation, and (2) that an actual deprivation occurred." *Jabary v. City of Allen*, 547 F. App'x 600, 610 (5th Cir. 2013) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994)). Regarding the first element: "To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982). "Mere conclusory allegations of conspiracy cannot, absent reference to material facts, survive a motion to dismiss." *Id.* (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). "[M]ore than a blanket of accusation is necessary to support a § 1983 claim." *Id.* (citations omitted). Plaintiffs must make "specific allegation[s] of fact tending to show a prior agreement has been made." *See id.* at 1023–24.

In the instant matter, the plaintiff states in his Opposition, "..each defendant conspired to falsely accuse him of an action of throwing a liquid substance on Pinkey…they sat and thought this through conspiring together to cover the unlawful act…" As such, the plaintiff has not alleged any nonconclusory facts that would tend to show a prior agreement was made between the defendants to commit an illegal act. To the extent the plaintiff complains of a conspiracy, these claims should be dismissed.

**Compensatory Damages**

Defendants assert that the plaintiff is not entitled to compensatory damages because he has failed to plead that he suffered a physical injury. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. Plaintiff herein alleges that he was not allowed to decontaminate in the shower after the chemical agent was administered, and his sight and sinuses were affected for days. Plaintiff has requested leave to amend and should be granted leave to do so in this limited regard.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the Motion to Dismiss filed on behalf of defendant Pinkney and Smith (R. Doc. 14) should be granted, dismissing the plaintiff's claims against these defendants, with prejudice. It is further recommended that the Motion to Dismiss filed on behalf of defendant Butler (R. Doc. 27) be granted, in part, dismissing: (1) the plaintiff's claims for monetary damage against defendant Butler in his official capacity; (2) the plaintiff's claims regarding the issuance of a false disciplinary report and his resulting disciplinary sentence; and (3) the plaintiff's claim for conspiracy. It is further recommended that, in all other regards, defendant Butler's Motion be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein regarding the plaintiff's claim for excessive force. It is further recommended that the plaintiff be given 21 days to amend his Complaint to allege facts as to physical injuries sustained, if any, due to the alleged use of excessive force by defendant Butler.

Signed in Baton Rouge, Louisiana, on October 11, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**