UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CALLOWAY (#96740)                      CIVIL ACTION

VERSUS                                                      20-562-SDD-RLB

CEDRIC PINKEY, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 28, 2023.

                                                            **RICHARD L. BOURGEOIS, JR.**
                                                            **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL CALLOWAY (#96740)**                              **CIVIL ACTION**

**VERSUS**                                                 **20-562-SDD-RLB**

**CEDRIC PINKEY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Motion to Dismiss (R. Doc. 41) filed in response to the plaintiff's Second Amended Complaint. The Motion is opposed. *See* R. Doc. 52.

On November 18, 2022, this Court issued a Ruling and Order (R. Doc. 36). Therein the Court dismissed (1) the plaintiff's claims for monetary damages against defendant Butler in his official capacity; (2) the plaintiff's claims regarding the issuance of a false disciplinary report and his resulting disciplinary sentence; and (3) the plaintiff's claim for conspiracy. The Court also granted the plaintiff leave to amend his Complaint for the limited purpose of pleading a bystander claim and to allege facts as to any physical injuries sustained due to the alleged use of excessive force by defendant Butler. Defendants now move to dismiss, *inter alia*,[1] the plaintiff's claims for bystander liability and compensatory damages.

Defendants assert that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).

---

[1] Defendants' also move to dismiss plaintiff's claims for violation of the Americans with Disabilities Act and for deliberate indifference to his serious medical needs. Defendants' Motion is moot with regards to these claims as the plaintiff's allegations regarding the same have been stricken. *See* R. Doc. 63.

Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

### Plaintiff's Allegations

In his Complaint, as amended, Plaintiff alleges the following pertinent facts: On April 7, 2020, the plaintiff was sprayed with a chemical agent by defendant Butler without reason. Defendants Pinkney and Smith had an opportunity to prevent the use of excessive force but

failed to intervene or protect the plaintiff. These defendants knew that the plaintiff's constitutional rights had been violated but chose not to report the truth.

Due to the administration of the chemical agent the plaintiff suffered loss of vision and a burning sensation. He also suffered skin irritation that lasted for approximately two weeks resulting in "scalped" spots. The plaintiff's skin also had patches of discoloration that did not return to their normal color for months. The plaintiff's sinuses were also affected.

### Excessive Force – Failure to Intervene

The Court has previously determined that the plaintiff's allegations are sufficient to state a claim upon which relief can be granted against defendant Butler for excessive use of force. The plaintiff was granted leave to amend his Complaint with regards to an alleged failure to intervene in the use of excessive force by defendants Pinkney and Smith. However, the plaintiff's Complaint, as amended, still fails to state a claim in this regard.

A defendant security officer may be found responsible for a failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force. *See Whitley v. Hanna,* 726 F.3d 631, 646 (5th Cir.2013) *citing Hale v. Townley,* 45 F.3d 914, 916 (5th Cir.1995). An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).

Plaintiff's Amended Complaint merely recites the foregoing law. The plaintiff makes no factual allegations showing that defendants Pinkney and Smith had a reasonable opportunity to prevent the harm caused by Defendant Butler and chose not to act. The plaintiff does not allege that either defendant Pinkney or Smith was present prior to the administration of the chemical

agent and had an opportunity to stop defendant Butler's alleged use of excessive force. Rather, the plaintiff asserts that the defendants failed to truthfully report the alleged use of excessive force after it had already occurred. As such, the defendants' Motion to Dismiss should be granted in this regard.

## Compensatory Damages

Defendants assert that the plaintiff is not entitled to compensatory damages because he has failed to plead that he suffered a physical injury. Plaintiff was given leave to amend his Complaint with respect to the same.

Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. In his Complaint, as amended, the plaintiff alleges to have suffered loss of vision and a burning sensation for days, skin irritation for approximately two weeks, skin discoloration for months after, and that his sinuses were also affected. Plaintiff's allegations regarding his dermatological issues are sufficient to show a physical injury with the meaning of 42 U.S.C. § 1997e(e). Plaintiff alleges that he had areas of peeling skin ("skin that had scalped up in spots") for two weeks, and discoloration of his skin for months. These alleged injuries are more than *de minimis*. As such, the defendants' Motion should be denied in this regard.

## ADA and Deliberate Indifference

With regards to the allegations in the plaintiff's Amended Complaint regarding an alleged violation of the Americans with Disabilities Act and deliberate indifference to his serious medical needs, the defendants' Motion is moot. The plaintiff's allegations regarding the same have been stricken. *See* R. Doc. 63.

**RECOMMENDATION**

It is the recommendation of the Magistrate Judge that the Defendants' Motion to Dismiss (R. Doc. 41) be granted, in part, dismissing the plaintiff's claims for bystander liability asserted against defendants Pinkney and Smith, with prejudice. It is further recommended that the Defendants' Motion be denied as moot with regards to the plaintiff's ADA and deliberate indifference claims. It is further recommended, that in all other regards, the Motion be denied and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on March 28, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**