# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**MICHAEL CALLOWAY (#96740)**                          **CIVIL ACTION**

**VERSUS**                                              **20-562-SDD-RLB**

**CEDRIC PINKEY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on June 6, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL CALLOWAY (#96740)                                    CIVIL ACTION

VERSUS                                                       20-562-SDD-RLB

CEDRIC PINKEY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendants Cedric Pinkney, William Smith, and Tyler Butler (R. Doc.54). The plaintiff has made numerous filings in opposition to the Motion for Summary Judgment. *See* R. Docs. 57-59, and 73-74.

The *pro se* Plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), filed this proceeding against the aforementioned defendants complaining that his constitutional rights were violated due to the use of excessive force and false disciplinary proceedings. He seeks monetary and injunctive relief. Plaintiff's only remaining claim is for the alleged use of excessive force asserted against defendant Butler in his individual capacity.[1]

Defendants move for summary judgment relying upon the pleadings, a Statement of Uncontested Material Facts, the Affidavits of Pinkney, Butler, and Smith, copies of a logbook and the Use of Force policy, the plaintiff's medical records, and body camera footage. The plaintiff opposes the motion relying on the pleadings and his Declaration (R. Doc. 58).

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for

---

[1] Defendants' Motion is moot in all other regards.

summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

With regards to defendant Butler, in his Complaint, as amended, the plaintiff alleges the following: On April 7, 2020, the plaintiff was sprayed with a chemical agent after being falsely accused of throwing a liquid substance. Defendant Butler falsely stated that he witnessed the

plaintiff standing in the middle of his cell with a cup of unknown liquid substance. He gave the plaintiff a direct verbal order to come to the bars to be restrained, and the plaintiff then attempted to throw the liquid substance. In response, defendant Butler stated that he dispensed the minimum amount of chemical agent need to gain compliance from the plaintiff.

At the time, the plaintiff was on mental health watch. Prior to use of the chemical agent, a social worker was not contacted.

### *Qualified Immunity*

Defendant Butler asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*.

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be granted, in part. There is no issue of material fact regarding the plaintiff's claim for excessive force asserted against defendant Butler. In all other regards, the defendants' Motion is moot.

**Excessive Force**

A use of force by a prison official is excessive and violates the Eighth Amendment to the United States Constitution only when such force is applied maliciously and sadistically for the very purpose of causing harm rather than in a good faith effort to maintain or restore discipline. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every malicious or malevolent action by a prison guard gives rise to a federal cause of action, however, and the Eighth Amendment's prohibition against cruel and unusual punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that such force is not of a sort "repugnant to the conscience of mankind." *Hudson v. McMillian, supra*, 503 U.S. at 10, *quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986).

The fact that an inmate may have sustained only minimal injury, however, does not end the inquiry, and an inmate who has been subjected to gratuitous force by prison guards "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy, supra*, 559 U.S. at 38. Notwithstanding this, the Court may consider the extent of injury, if any, as potentially relevant to a determination whether an alleged use of force was excessive under the circumstances. In addition, other factors that may be considered in determining whether an alleged use of force has been excessive include the perceived need for the application of force, the relationship between the need for force and the amount of force utilized, the threat reasonably perceived by prison officials, and any efforts made to temper the severity of a forceful response. *Hudson v. McMillian, supra*, 503 U.S. at 7.

According to the Affidavits of Cedric Pinkney and defendant Butler, Pinkney was making rounds on April 7, 2020, when the plaintiff threw an unknown liquid substance on him.

He activated his beeper, and defendant Butler arrived shortly after. When defendant Butler arrived, he observed the plaintiff standing in the middle of his cell with a cup containing an unknown liquid substance. Defendant Butler did not know how much of the substance remained in the cup and considered that the cup may contain a liquid that was potentially dangerous. Defendant Butler gave the plaintiff a direct verbal order to come to the bars to be restrained. The plaintiff refused and attempted to throw the liquid substance on defendant Butler. Defendant Butler then dispensed a chemical agent to gain compliance. The plaintiff then came to the bars to be restrained. After being restrained, the plaintiff was placed in the shower cell, searched, and was seen by medical personnel.

Approximately 25g of chemical agent was dispersed by defendant Butler. In accordance with the Use of Force policy, it was not necessary to call a medical or mental health worker prior to administering the chemical agent because it was necessary to prevent loss of life or serious bodily injury without delay.

In opposition, the plaintiff replies upon the pleadings and his Declaration (R. Doc. 58). His complaint, as amended, is unverified, and thus it is not competent summary judgment evidence. Fed. Rule Civ. P. 56(c)(1); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) (verified complaints may potentially be considered as competent summary judgment evidence to the extent the complaint comports with the affidavit requirements of Rule 56). Rule 56, in turn, requires that affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence," and make the averral under penalty of perjury. Fed. Rule Civ. P. 56(c)(4); *King*, 31 F.3d at 346. The plaintiff's complaint contains no such averral. Only one document filed in opposition to the instant Motion contains the required averral – Record Document 58 Declaration Under the Penalty of Perjury.

In his Declaration the plaintiff argues that the administration of 25 grams of chemical agent for any reason constitutes use of excessive force and that there was no need for the use of any force, even if he did not comply with defendant Butler's order, because he was not a threat while in his cell. Arguably, this declaration does not meet the affidavit requirements because the plaintiff has set forth arguments rather than facts that would be admissible in evidence.

In any case, the competent summary judgment evidence produced by the defendants shows that the plaintiff did pose a threat while in his cell due to his possession of an unknown liquid substance (which the plaintiff attempted to throw at two officers), and due to his refusal to come to the bars to be restrained. In his opposition the plaintiff does not dispute his failure to comply with defendant Butler's order to come to the bars to be restrained or that he had an unknown liquid substance in his possession. The undisputed evidence shows that defendant Butler administered the chemical agent to maintain or restore discipline, and the brief use of chemical agents to maintain or restore discipline or to compel compliance with an order has been upheld many times. *See Amos v. Jefferson*, 861 F. App'x. 596, 603 and n.35 (5th Cir. 2021).

Additionally, the fact that 25 grams of chemical agent was administered does not suggest that the amount of force used was excessive. Other courts have found the use of this amount of chemical agent to not be constitutionally relevant. *See Hamilton v. Orr,* 2023 WL 2878820 (M.D. La. 3/22/23) (44 grams of chemical agent not unconstitutionally excessive) *citing Robinson v. South Carolina Dept. of Corrections*, No. 10-2593, 2012 WL 851042, at *7 (D.S.C. March 13, 2012) (31 grams of chemical agent not unconstitutionally excessive);  and *Scott v. Crosby*, 19-4746, 2021 WL 3472800, at *5 (N.D. Fl. July 28, 2021) (69.5 gram use of pepper spray shows an absence of sadistic or malicious intent and is not excessive.)

Accordingly, there is nothing before the Court which tends to dispute the defendants' assertions. Based upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that the defendants' Motion is well-taken and that, on the record before the Court, defendant Butler is entitled to summary judgment as a matter of law.

## **RECOMMENDATION**

It is recommended that the Motion for Summary Judgment (R. Doc. 54), be granted, dismissing the plaintiff's remaining claims, with prejudice. It is further recommended that the plaintiff's pending Motions (R. Docs. 68, 69, 72, and 76) be denied as moot, and that this action be closed.

Signed in Baton Rouge, Louisiana, on June 6, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**